UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES O'NEIL WIGGIN,<br><br>           Plaintiff,<br><br>   v.<br><br>C/O N. LUNGREN, C/O BANKS, and C/O DELP,<br><br>           Defendants. | NO:  2:14-cv-00008-JTR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT<br><br>**1915(g)** |

BEFORE THE COURT is Plaintiff's Objection, ECF No. 9, to the Report and Recommendation to dismiss his complaint with prejudice for failure to state a claim upon which relief may be granted. ECF No. 8. Plaintiff, a prisoner at the Airway Heights Corrections Center, is proceeding *pro se* and *in forma pauperis*. Defendants have not been served.

In his complaint, Plaintiff asserted that he was treated rudely, was denied one meal, and missed yard privileges one morning because he accidently went to the wrong dining hall line. Although he was infracted for being "out of bounds,"

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING COMPLAINT -- 1

no sanction was imposed.  Liberally construed, Plaintiff's assertions failed to state either violations of due process of the Fourteenth Amendment or violations of the proscription against cruel and unusual punishment under the Eighth Amendment.  Therefore, the Court recommended dismissal.

Mr. Wiggin submitted his Objection on April 28, 2014.  He contends he was "refused . . . food for nearly 24 hours" . . . his "health was placed at risk as he is hypoglycemic" . . . and he suffered "pain from hunger."  The fact Plaintiff was denied one breakfast, without any actual ill health effects, is insufficient to show an "atypical and significant hardship," entitling him to due process protections under *Sandin v. Conner*, 515 U.S. 472, 483-487 (1995).  The fact Plaintiff suffered "significant hunger pains" and "dizziness due to hypoglycemia" is insufficient to show that named Defendants were deliberately indifferent to a substantial risk of serious harm to Plaintiff's health, especially in light of Plaintiff's acknowledgment that neither of the named Defendants had knowledge whether he was diabetic or border-line diabetic.  *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

For the reasons set forth above and by Magistrate Judge Rodgers, **IT IS ORDERED** the Report and Recommendation, ECF No. 8, is **ADOPTED IN ITS ENTIRETY**.  The Complaint, ECF No. 6, is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  **Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915.  This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.**

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order, enter judgment, forward copies to Plaintiff at his last known address, and close the file.  The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division.  The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this 21st day of May 2014.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge